**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

THOMAS LEE STONE,
ADC #090693                                                                                       PLAINTIFF

V.                              CASE NO. 5:17-CV-00097-JLH-BD

RICHARD CLARK                                                                                 DEFENDANT

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

### II. Background

Thomas Stone, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Stone claims that, on January 20, 2017, Defendant Clark used excessive force against him, then failed to provide him adequate medical treatment.

Defendant Clark has now moved for summary judgment on all claims against him. (#10) He argues that Mr. Stone's claims must be dismissed because he did not exhaust administrative remedies as required by federal law. Mr. Stone has responded to the motion (#14), and it is ripe for decision.

## III. Discussion

The court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)(proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements may vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. That means that Mr. Stone must have fully complied with the specific procedural requirements of the ADC policy. *Id*.

In support of his motion, Lt. Clark has attached the sworn statement of Barbara Williams, the ADC Inmate Grievance Supervisor. (#12-4) According to Ms. Williams, Mr. Stone did not appeal any grievance against Lt. Clark about the January 20, 2017 incident.

Lt. Clark also attached a copy of the Inmate Grievance Investigation Worksheet regarding the incident at issue, as well as a copy of the Warden's decision regarding that grievance and the underlying incident. (#12-3) It is undisputed that Mr. Stone filed a grievance regarding the alleged incident and that he received a response to that grievance from the Warden. Mr. Stone, however, did not appeal the denial of that grievance to the Assistant Director of the ADC to complete the process, as required by the ADC grievance policy.

In his response to the motion, Mr. Stone explains that his "second grievance" was never answered and that he did not receive the "white copy to go to the next step." (#14) The ADC grievance procedure, however, specifically allows inmates to proceed to the next step even if they have not received a timely response to the unit level grievance. (#12-1 at p.10) Furthermore, Mr. Stone has failed to present any evidence that he ever attempted to proceed to the next level, or that any such appeal was rejected based on his

failure to attach specific papers. As explained, confusion about the grievance procedure does not excuse a failure to exhaust.

## IV. Conclusion

The Court recommends that Defendant Clark's motion for summary judgment (#10) be GRANTED. Mr. Stone's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 22nd day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE